UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 03-166-JGW

ODD FELLOWS, LLC, et al.,					PLAINTIFFS

v.

E. KINKER & CO., et al.,					DEFENDANTS


MEMORANDUM OPINION AND ORDER

**I.  Facts and Procedural History**

The facts of this case were previously set forth in the court's July 12, 2005 memorandum opinion and order:

> This case concerns an historic building which was nearly destroyed by fire in the midst of its renaissance. ...[T]he owners attempted to double their insurance coverage on the building shortly before the calamity.  A dispute quickly arose as to whether the 2.1 million dollar increase in coverage was in effect at the time of the fire.  Under pressure for renovation funds, the owners settled their claims with their insurer [Ohio Casualty] without filing suit against that entity.  Invoking diversity jurisdiction, the owners thereafter filed suit against their insurance agent and his agency for failing to obtain the requested increase in coverage from the insurer, Ohio Casualty.

Prior to trial, the defendants moved for summary judgment on the grounds that they had in fact timely obtained the requested insurance from Ohio Casualty.  The defendants essentially asserted "that Ohio Casualty is responsible for the loss, and that the defendants should not be held responsible for the plaintiffs' inadequate settlement with their insurer."  *See* Memorandum Opinion and Order of 7/12/05, DE #56, at p. 6.

Defendants argued in their summary judgment motion that Ohio Casualty should be estopped

1

from denying the existence of full replacement coverage, and that Ohio Casualty should be held bound by the actual or apparent scope of authority of Tuten and Kinker in approving full replacement value coverage. However, this court denied the defendants' motion, concluding that it would be inappropriate to apply the asserted defenses against a non-party, Ohio Casualty, in order to relieve defendants of liability from plaintiffs' claims.[1] By contrast, the court granted defendants judgment in their favor on the intentional misrepresentation claim, because plaintiff failed to set forth any factual basis for that claim.

>With regard to the defense of estoppel, the court reasoned:

>Estoppel is an equitable doctrine. It would be inequitable to permit a defendant to escape liability by applying the doctrine against an entity which is not before this court to defend itself.

*Id.* at 8. Similarly, the court reasoned that the defendants' actual or apparent "scope of authority" defense could not be applied on equitable grounds "by a defendant agent against a non-party insurer to benefit the agent and escape liability to the injured insured." *Id.* at 11. In the alternative, the court held that genuine issues of material fact precluded summary judgment on both defenses. *See id.* at 10, 12.

The court did *not* wholly preclude the defendants from presenting evidence on the general defense that they had procured the requested insurance from Ohio Casualty. Rather, the court held only that defendants could not obtain summary judgment by applying the asserted equitable defenses against a non-party. In various pretrial motions, the parties vigorously contested many issues relating to defendants' ability to present evidence concerning the actions or inactions of Ohio Casualty.

---

[1] The parties have consented to disposition by the undersigned magistrate judge pursuant to 28 U.S.C. §636(c).

In its pretrial rulings, the court ruled that Kentucky law required the court to instruct the jury concerning apportionment between the named defendants and the settling non-party, Ohio Casualty. In order to provide the jury with some basis for apportionment, as well as to permit defendants to present the general defense that they had procured the requested insurance, the court permitted the defendants to present evidence concerning Ohio Casualty's actions and/or inactions at and around the time of the fire. Specifically, the defendants were permitted to introduce evidence that Ohio Casualty appeared to approve the defendants' request for increased insurance coverage on the building. However, the court precluded defendants from introducing evidence of plaintiffs' actual settlement with Ohio Casualty under Fed. R Evid. 408.

In proposed instructions filed on July 19, 2005, plaintiffs asked the court to instruct the jury as follows:

> Ohio Casualty is not a party to this trial. You should not concern yourself with any dispute involving Ohio Casualty, but should consider the issues between the Plaintiffs and the Defendants in this case in accordance with my instructions and the evidence in the case.

DE #59, Plaintiffs' proposed Jury Instruction No. 3. At the time the above instruction was tendered, plaintiffs were fighting the defendants' proposal to include an apportionment instruction and the instruction was clearly tendered in the context of plaintiffs' argument that no apportionment instruction should be given. *See* DE ##57, 59.

Following the court's August 2, 2005 pretrial conference, having lost on the central issue of apportionment, plaintiffs proposed the following apportionment instruction:

> In connection with your consideration whether fault should be attributed to Ohio Casualty in this matter, and, if so, in what percentage amount, you should not consider,

3

> or take into account in any way, whether Odd Fellows could have or should have asserted any claim against Ohio Casualty.

Plaintiffs' Supplemental Pretrial Memorandum [DE #68] at 7. Although no transcript has been filed, it is the court's recollection that during the charging conference held in chambers on August 25, 2005, counsel reiterated plaintiff's request to include the instruction tendered on August 8, 2005 in its supplemental pretrial memorandum concerning Ohio Casualty. The court declined to issue the proffered instruction.

## II. Analysis

Plaintiffs rely on Rule 59(a), Fed. R. Civ. P., to argue that they are entitled to a new trial based upon this court's failure to properly instruct the jury.[2] A district court's refusal to give a jury instruction constitutes reversible error if: (1) the omitted instruction is a correct statement of the law; (2) the instruction is not substantially covered by the other delivered charges; and (3) the failure to give the instruction impairs the requesting party's theory of the case. *Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 820 (6th Cir. 1999)(granting new trial due to omitted instruction). Noting that much of the defense was focused on "the empty chair," plaintiffs argue that the lack of an appropriate instruction permitted the jury to improperly focus on Ohio Casualty's conduct and the potential causes of action that plaintiffs had or may have had against that entity.

---

[2] Plaintiffs timely filed their Rule 59 motion on the fifteenth day after the entry of judgment. Although such motions must be filed within ten (10) days under Rule 59, that limit must be read in conjunction with Rule 6(a), Fed. R. Civ. P. Rule 6(a) provides that the computation for the ten-day period applicable to Rule 59 motions *excludes* intermediate Saturdays, Sundays, and legal holidays. "Stated another way, the ten-day period prescribed by the Federal Rules *always* lasts *at least* fourteen days." *Miltimore Sales, Inc. v. Internat'l Rectifier, Inc.,* 412 F.3d 685, 690 (6th Cir. 2005). In this case, the intervening Labor Day holiday resulted in the ten-day limit lasting fifteen days.

I conclude that the court's failure to give the instructions was not error for two reasons. First, the omitted instructions were not a clear and correct statement of Kentucky law. Second, the failure to give the instructions did not impair the plaintiffs' theory of the case.

### A. Proffered Instructions Inconsistent With Kentucky "Bare Bones" Approach

A federal court sitting in diversity ordinarily will look to state law to determine the jury instructions to be given on state claims. *See King v. Ford Motor Co.,* 209 F.3d 886, 897 (6th Cir.), *cert. denied,* 531 U.S. 960 (2000). "'Kentucky follows the "bare bones" approach to jury instructions.'" *Id.* (*quoting McGuire v. Commonwealth of Kentucky,* 885 S.W.2d 931, 936 (Ky.1994), additional citations omitted). "[T]he traditional objective of our form of instruction is to confine the judge's function to the bare essentials and let counsel see to it that the jury clearly understands what the instructions mean and what they do not mean." *Young v. J.B. Hunt Transportation, Inc.,* 781 S.W.2d 503, 506-507 (Ky. 1989)(quoting *Collins v. Galbraith*, 494 S.W.2d 527, 531 (Ky. 1973)).

Plaintiffs do not complain about the court's substantive instructions, which closely adhere to those proposed by the plaintiffs concerning defendants' duties. Rather, plaintiffs' sole complaint is with the court's failure to give the tendered instructions regarding Ohio Casualty. However, plaintiffs' proposed instructions regarding Ohio Casualty would have been improper because they deviated from Kentucky's "bare bones" approach and would have conflicted with Kentucky law.

Plaintiffs' first proposed instruction was tendered along with a set of instructions that did not allow the jury to apportion damages to Ohio Casualty. In fact, plaintiffs vehemently argued against apportionment under Kentucky law, both in memoranda filed with this court and in oral argument at the

5

final pretrial conference. *See, e.g.,* DE ##57, 61 (motion in limine and reply in support of same); DE #59 (pretrial brief). Ultimately, this court determined that Kentucky required apportionment of damages to a settling party - in this case Ohio Casualty - whether the claims were expressed in tort or in contract. *See Kevin Tucker & Associates v. Scott & Ritter*, 842 S.W.2d 873 (Ky. App. 1992); *Factory Mutual Ins. Co. v. Lexicon, Inc.,* Covington Civil Case Action No. 2001-140-WOB, DE #118, Order of 7/15/03. Plaintiffs' proposed Instruction No. 3, tendered in the context of plaintiffs' argument against the inclusion of an apportionment instruction, would have been inconsistent and confusing to the jury if given with the apportionment instruction. The court could not tell the jury that it "should not concern yourself with any dispute involving Ohio Casualty" while in the next breath instructing the jury that it may apportion liability to the same entity. Notably, the instruction was not resubmitted by plaintiffs after the court's ruling on apportionment.

After the court's ruling on apportionment, plaintiffs instead tendered a second instruction regarding Ohio Casualty, one which technically was consistent with apportionment. However, plaintiffs cite to no Kentucky authority which would support the tendered apportionment instruction, and this court has discovered none. Rather than being consistent with Kentucky law, the tendered instruction would have had the potential to mislead and confuse the jury because it instructed the jury not to "consider or take into account in any way, whether Odd Fellows could have or should have asserted any claim against Ohio Casualty." To the extent that the jury may have inferred from this language that the plaintiffs could not have asserted a claim against Ohio Casualty and had no means of recovery from that entity, the instruction would have been misleading. Odd Fellows not only could have but did assert a claim against Ohio Casualty which it resolved through pre-litigation settlement.

Plaintiffs argue that the tendered instruction was intended to counter defendants' own misleading argument to the jury. In closing, defense counsel allegedly remarked: "Plaintiffs' beef is with Ohio Casualty."[3] I conclude that this reference was not improper given the fact that the jury was instructed on the issue of apportionment.

Plaintiffs suggest that even permitting the defendants to raise the issue of Ohio Casualty's involvement was misleading, exacerbated by the court's failure to give the tendered instruction, because plaintiffs were "constrained from 'guarding against unwarranted inferences' concerning Ohio Casualty's absence" due to the court's pretrial rulings excluding evidence of the settlement. DE #93, reply memorandum at 3. However, plaintiffs do not challenge - nor could they- the exclusion of evidence of the settlement, which was mandated by Fed. R. Evid. 408. In fact, plaintiffs filed a motion in limine seeking a pretrial ruling excluding evidence of the settlement. *See* DE #57. Plaintiffs also do not challenge the court's rulings on apportionment. Plaintiffs were not constrained from refocusing the jury's attention on the defendants' liability merely because plaintiffs were precluded from specifically informing the jury of their settlement with Ohio Casualty.

Finally, plaintiffs contend that even though no specific Kentucky authority supports the proffered instruction, the instruction was supported by a federal pattern instruction entitled "Dismissal or Discontinuance as to Some Defendants."

> The dispute between plaintiff[s] \_\_\_\_\_ and defendant[s] \_\_\_\_\_ is no longer a part of this trial. You should not concern yourself with this dispute, but should consider the issues between the plaintiff[s] and the remaining defendant[s] in accordance with my

---

[3]No trial transcript has been filed of record, but for purposes of the pending motion, the court does not dispute that the remark was made.

instructions and the evidence in the case.

3 Federal Jury Practice & Instructions §103.15.

The Sixth Circuit has not adopted any specific model civil jury instructions. It is noteworthy that the pattern instruction after which plaintiffs modeled their tendered instruction concerns the *dismissal or discontinuance* as to some claims or defendants. The notes following the instruction suggest that it is designed for use when a defendant is dropped during the course of trial. The instruction does not appear to be relevant or correct in cases in which apportionment is at issue, a situation other federal pattern instructions are specifically designed to address. *See, e.g.,* 3 Federal Jury Practice & Instructions §§120.81, 120.82, 120.86 (5th ed.); Pattern Civ. Jury Instr. 5th Circuit §15.14 (2005). In short, I do not find either the pattern instruction cited by plaintiffs or the plaintiffs' proffered instruction to be consistent with apportionment under Kentucky's "bare bones" approach.

### B. Plaintiffs' Theory of Case Not Impaired

Even if the instruction had not been misleading, any error was harmless because the plaintiffs' theory of the case was not impaired. The jury was properly instructed in accordance with Kentucky law on all of the defendants' duties. The proposed instruction would not have been given in the context of outlining the duties of the defendants, but instead only if the jury reached the issue of apportionment. The conclusion of the jury was that the defendants breached none of their duties; therefore, the jury never reached the issue of the apportionment and the failure to give the tendered instruction could not have prejudiced the plaintiffs. *See King v. Ford Motor Co.,* 209 F.3d at 898 (a failure to give an appropriate instruction will not be reversed if the error is harmless).

Plaintiffs argue that the lack of the tendered instruction surely impacted the jury's entire

deliberations on liability even though the jury failed to reach the issue of apportionment, because plaintiffs' original Proposed Jury Instruction No. 3 was not tied exclusively to apportionment.  As previously discussed, Proposed Jury Instruction No. 3 was proposed in the context of the plaintiffs' argument that no apportionment instruction should be given.  Since plaintiffs lost that battle, giving the plaintiffs' Proposed Instruction No. 3 would have been hopelessly confusing and contradictory to the apportionment instruction.

On the other hand, to assume that a failure to give the plaintiffs' later-tendered apportionment instruction somehow tainted the jury's entire deliberations on defendants' liability is speculative at best, and essentially would require this court to assume that the jury jumped ahead to apportionment and did not follow the instructions on defendants' duties and liability as those instructions were given.  This assumption is not warranted either on the record presented or under existing law.  *Johnson v. Commonwealth*, 105 S.W.3d 430, 436 (Ky. 2003) (citing Scobee v. Donahue, Ky., 164 S.W.2d 947, 949 (1942) ("It is to be assumed that the jury ... followed the evidence and instructions in their entirety."));  *United States v. Davis*, 306 F.3d 398, 416 (6th Cir.2002)("Juries are presumed to follow the instructions they are given") .

### III.  Conclusion and Order

For the reasons stated herein, plaintiffs' Rule 59 motion [DE #91] will be, and hereby is **DENIED**.

This 3rd day of November, 2005.



Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge

10